**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Erika Covarrubias-Ramirez, | No. CV-26-01230-PHX-MTL (ASB) |
| Petitioner, | **ORDER** |
| v. | |
| Kristi Noem, et al., | |
| Respondents. | |

On February 20, 2026, Petitioner filed a Petition for Writ of Habeas Corpus, alleging that her immigration detention was unlawful and that her transfer from immigration detention in Nevada to Arizona violated her due process rights and violated the Administrative Procedure Act ("APA"). (*See* Doc. 1.) The Petition is fully briefed. (*See* Docs. 7, 8.)

On April 9, 2026 and April 23, 2026, Petitioner filed motions to expedite. (*See* Docs. 10, 12.) The Court granted the motions in part and deferred ruling in part, denying the Petition to the extent Petitioner claimed a right to a bond hearing under 8 U.S.C. § 1226(a) and ordering expedited briefing on Petitioner's claim that her detention was interfering with her ability to pursue her Military Parole in Place ("MPIP") application and participate in her removal proceedings. (Doc. 13.) Respondents have since responded to the Court's order. (Doc. 14.) Petitioner did not file a reply.

For the following reasons, the remaining claims in the Petition and Petitioner's subsequent claims for relief on grounds that her immigration detention has interfered with

her pursuit of her MPIP application and participation in removal proceedings are denied.

Petitioner's transfer from Nevada to Arizona was not unlawful. "An alien . . . does not have the right to be detained where he believes his ability to obtain representation and present evidence would be most effective." *Calla-Collado v. Att'y Gen. of U.S.*, 663 F.3d 680, 685 (3d Cir. 2011) (per curiam); *see also Ballesteros v. Ashcroft*, 452 F.3d 1153, 1159 (10th Cir. 2006) ("[A]liens have no legal right to have the removal proceedings in a particular location."), *rehearing granted and remanded on other grounds*, *Ballesteros v. Gonzales*, 482 F.3d 1205 (10th Cir. 2007) (mem.); *Gandarillas-Zambrana v. Bd. of Immigr. Appeals*, 44 F.3d 1251, 1256 (4th Cir. 1995) ("The INS necessarily has the authority to determine the location of detention of an alien in deportation proceedings, and therefore, to transfer aliens from one detention to another. . . . [An alien] does not have the right to be detained where his ability to obtain representation is the greatest." (citation omitted)). Such a transfer does not violate the alien's constitutional rights because the alien "ha[s] the same rights and privileges at [her] deportation proceeding" in either location, including to present evidence or obtain different counsel. *Calla-Collado*, 663 F.3d at 685.

Petitioner has not explained how the transfer from Nevada to Arizona—both of which are in the Ninth Circuit—was an attempt by Respondents to manipulate jurisdiction. (*See* Doc. 8 at 7 (citing *Maldonado-Cruz v. INS*, 883 F.2d 788, 790 (9th Cir. 1989)).) In any event, the Ninth Circuit in *Maldonado-Cruz* did not find that an out-of-circuit transfer was unlawful; in fact, the court noted that the "Attorney General has the authority to transport aliens out of the circuit in which they were apprehended." 883 F.2d at 790. The court simply decided to apply Ninth Circuit law to the alien's appeal. *Id.* at 790-91. And although the Court has denied the Petition as it pertains to Petitioner's claimed entitlement to a bond hearing, Petitioner was nevertheless able to promptly request bond in Arizona. (Doc. 1 ¶ 36.) Petitioner has also not explained how she would have been granted bond in Nevada, as the cited Board of Immigration Appeals ("BIA") precedent is binding on all Immigration Judges ("IJ"). *Compare* 8 C.F.R. § 1003.1(g), *with* (Doc. 8 at 8; Doc. 12 at 9 (arguing that ICE transferred Petitioner to "produce a tribunal willing to deny bond on 'no

jurisdiction' grounds under the now-vacated *Matter of Yajure Hurtado*")).

Nor does she explain what evidence she would have presented in Nevada removal proceedings that she was or is unable to present in Arizona. In her Petition, she alleges that her family members attempted to participate in the Arizona bond hearing remotely but were "not admitted to the virtual hearing (or could not access it despite trying)" (Doc. 1 ¶ 38; *see also* Doc. 12 at 9), but Petitioner does not explain how their participation would have changed the IJ's legal conclusion that it lacked jurisdiction to grant her bond (*see* Doc. 1 ¶ 39). Finally, Petitioner's counsel has been able to continue to represent her in removal proceedings and has challenged in those proceedings, albeit unsuccessfully, the change in venue. (Doc. 1 ¶¶ 36-37, 40-41, 43; *see also* Doc. 8-4 at 7 (noting that counsel was granted the ability to appear telephonically).)

At bottom, Petitioner's argument rests on the claim that immigration proceedings in Arizona will be more difficult than in Nevada, but inconvenience does not amount to a constitutional violation. Nor is the government exercising its authority to "transfer aliens from one detention to another" contrary to law. *See Calla-Collado*, 663 F.3d at 685 (citation omitted); 5 U.S.C. § 706(2)(A); *see also Van Dinh v. Reno*, 197 F.3d 427, 433 (10th Cir. 1999) (stating that the Attorney General has "discretionary power to transfer aliens from one locale to another, as she deems appropriate"); *Caal v. Freden*, No. 1:26-CV-00682-MAV, 2026 WL 962516, at *1 (W.D.N.Y. Apr. 9, 2026) (citing the government's broad authority to decide where to detain aliens and noting that "[c]ourts in [its] district routinely deny requests to interfere with such discretion").

Accordingly, the Court denies the Petition as it pertains to Petitioner's transfer from Nevada to Arizona and, to the extent premised on this transfer, her claim that her detention in Arizona is interfering with her ability to participate in her removal proceedings. As for Petitioner's claim that her detention is precluding her from submitting biometrics for her MPIP application, Respondents stated in their supplemental brief that counsel was informed Petitioner's "biometrics . . . were recently taken at the Eloy Detention Center and have been or will be submitted to USCIS in support of her [MPIP] application," so the

"biometrics issue . . . appears to be moot." (Doc. 14 at 2.) Petitioner did not oppose or rebut this statement in any reply. The Court therefore takes Petitioner's silence as agreement that her claim as it pertains to her MPIP application is moot.

**IT IS THEREFORE ORDERED** that the Petition (Doc. 1) is **denied**. The Clerk of Court is directed to enter judgment accordingly and close this case.

Dated this 7th day of May, 2026.

_Michael T. Liburdi_
Michael T. Liburdi
United States District Judge